# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                      :        Case No. 3:03-cr-157

                                               District Judge Walter Herbert Rice
      -vs-                                 Chief Magistrate Judge Michael R. Merz

                                        :

MICHAEL D. HORTON,

       Defendant.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

       This case is before the Court on Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 109).

       Defendant filed his original Motion to Vacate under 28 U.S.C. § 2255 on April 18, 2008, raising two grounds for relief (Doc. No. 107). Upon initial review under the Rules Governing § 2255 Cases, the Magistrate Judge concluded that those two grounds for relief were conclusively rebutted by the record and recommended that they be denied (Report and Recommendations, Doc. No. 108). Defendant was notified of his right to object to that Report not later than May 8, 2008, but has never filed any objections. Instead, on May 5, 2008, he filed an amendment (Doc. No. 109) which he was entitled to do without court permission under Fed. R. Civ. P. 15 because the United States had not yet filed an answer.

       In the amendment, Defendant has abandoned his prior second ground for relief – that he waived his right to appeal or collateral attack on his conviction. In lieu thereof, he now asserts his counsel was ineffective in allowing him to enter into the plea agreement when conduct associated with Count 1 could still be used against him in sentencing. He also asserts that the Government

1

breached the plea agreement by urging a sentence which took into account conduct associated with Count 1 after it had been dismissed.

**Analysis**

The standard of review for § 2255 motions set forth in the original Report and Recommendations is equally applicable here.

As the Court of Appeals made clear in its decision, Mr. Horton was sentenced to the mandatory minimum sentence required by law, given the drug conviction. There was no judicial fact finding by Judge Rice. Rather, Defendant admitted in open court that he had sold heroin to a person who died after ingesting it. The Plea Agreement, which Defendant signed and which Judge Rice meticulously explained to him in open court, specifically says in its first paragraph that Defendant is pleading guilty to distributing drugs resulting in the death of another person (Doc. No. 68). The same Plea Agreement states in several places that Defendant understands there is a mandatory minimum sentence of twenty years for the offense to which he is pleading guilty.

Thus the record thoroughly refutes any claim that the United States did not live up to the Plea Agreement. Defendant's claim of ineffective assistance of trial counsel is also refuted by the record because the Plea Agreement expressly states what the mandatory minimum sentence is. Defendant does not assert that his lawyer told him something different from that and in any event, as he himself argues in his Amended Motion, parol evidence cannot be used to vary a plea agreement.

The Amended Motion is without merit and should be denied with prejudice. Because

reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

May 21, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).