# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                :         Case No. 3:03-cr-157

                                                   District Judge Walter Herbert Rice
      -vs-                                   Magistrate Judge Michael R. Merz

                                            :

MICHAEL D. HORTON,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate or set Aside the Judgment in this case pursuant to Fed. R. Civ. P. 60(b)(5) and (6)(Doc. No. 122). This case was previously referred to the undersigned pursuant to the Dayton General Order of Assignment and Reference because Defendant is proceeding *pro se* and Defendant initially filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 107).

The Judgment of which Defendant complains was entered July 17, 2008 (Doc. Nos. 112, 113). Defendant appealed from that judgment, but the Court of Appeals declined to issue the required certificate of appealability (Doc. No. 117). The United States Supreme Court, on October 16, 2009, denied a writ of certiorari (Doc. No. 120).

Because Defendant attacks the procedural propriety of the prior judgment in this case, rather than raising a new ground for relief, his Motion is not precluded by the bar on successive § 2255 motions adopted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

However, it is well established that Rule 60(b)(6) is not to be used as a substitute for appeal.

1

*Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc), citing *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988).

The procedural errors which Defendant alleges are that the District Court failed to make findings of fact and conclusions of law when it denied the § 2255 Motion and failed to give Defendant the benefit of the Supreme Court's ruling in *Haines v. Kerner*, 404 U.S. 519 (1972), that a *pro se* litigant is not to be held to the same strict pleading standards as an attorney.

Defendant's Motion should be denied in the first place because it is untimely. The judgment in question was entered almost three years ago and Defendant offers no excuse for his delay in filing. Although motions under 60(b)(5) and (6) are not strictly limited to one year as are motions under 60(b)(1), (2), and (3), they are required to be filed within a "reasonable" time and Defendant offers no showing of why it took him nearly three years to file the Motion.

Even if the Motion were timely, it would still be without merit. As to the first claim regarding findings of fact and conclusions of law, the Magistrate Judge made recommended findings

2

of fact in the Reports and Recommendations which Judge Rice adopted, to wit, that Defendant was in fact sentenced properly for his conviction on Count 2 of the Indictment, not Count 1, and that he did not waive his right to appeal or collaterally attack the judgment. That is, the record in the case definitively contradicts Defendant's claims on a factual basis. Indeed, the first part of the claim had been rejected by the Sixth Circuit on direct appeal. 28 U.S.C. § 2255(b), on which Defendant relies, only requires findings of fact and conclusions of law if the § 2255 motion is not disposed of on initial review, as was the case here. But even if that requirement were extended to initial review, the Reports and Recommendations, which Judge Rice reviewed de novo, provide sufficient findings to satisfy any such requirement.

It is unclear what the Defendant asserts the Court did that somehow violated the doctrine of *Haines v. Kerner, supra.* Defendant asserts that he pleaded ineffective assistance of trial counsel in his § 2255 Motion and the Court should have granted the Motion by virtue of *United States v. Rebmann*, 321 F.3d 540 (6th Cir. 2003).

*Rebmann* held that the "if death results" language in 21 U.S.C. § 841(a) was an element of the offense requiring proof beyond a reasonable doubt to authorize an enhanced sentence. In affirming the conviction and sentence in this case, the Court of Appeals expressly found the sentence was authorized because Defendant admitted that his conduct resulted in the death of another. Thus *Rebmann*, which followed the *Apprendi v. New Jersey*, 530 U.S. 466 (2000), line of cases had no bearing. There can be no ineffective assistance of trial counsel where the attorney fails to make a claim which is meritless, as the Court of Appeals found this claim to be.

## Conclusion

It is accordingly respectfully recommended that the Motion be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

May 11, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).